IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 99-638-3 |
| v. | : | |
| | : | CIVIL ACTION |
| ANWAR DEMPSEY | : | NO. 07-1159 |

MEMORANDUM

Bartle, C.J.                                                July 11, 2007

Anwar Dempsey has filed a motion under 28 U.S.C. § 2255
to vacate, set aside, or correct his sentence.  He contends that
his due process rights were violated when this court sentenced
him to two years imprisonment for violating the terms of his
supervised release.  Specifically, he argues that this court
considered charges against him that were later dismissed and that
the improper consideration of these charges resulted in the
imposition of a harsher penalty than would have otherwise been
imposed.

On February 8, 2000, Dempsey pleaded guilty to one
count of conspiring to traffic in motor vehicles and one count of
trafficking in vehicles with altered identification numbers.  18
U.S.C. § 371; 18 U.S.C. § 2321.  In February of 2001, he was
sentenced to thirty-eight months imprisonment followed by three
years of supervised release.  On May 10, 2006, while he was on
supervised release, he was arrested and charged with the gunpoint
robbery of a gas station in Bucks County, Pennsylvania.
Additional charges included criminal conspiracy, aggravated

assault, and theft by unlawful taking.  He pleaded guilty to
these charges in the Court of Common Pleas of Bucks County on
January 8, 2007, and was sentenced to imprisonment of two to four
years followed by five years probation.

Dempsey then appeared before this court on February 23,
2007 for a hearing on a petition filed by his Probation Officer
which charged that he had violated his conditions of supervised
release by committing a state felony, an A grade violation.
During the hearing, Dempsey acknowledged that he had pleaded
guilty to the crimes in the Court of Common Pleas for Bucks
County.  This court thereupon found that he had violated the
conditions of his supervised release by committing a serious
crime during his term of supervised release.  18 U.S.C.
§ 3583(d).  He was sentenced on that day to a period of
imprisonment of two years, to run consecutively to the state
sentence he was currently serving.  18 U.S.C. § 3583(h).

Dempsey now argues that this court improperly
considered dismissed state charges against him in determining his
sentence for violation of supervised release.  Significantly, he
does not identify in his motion what those charges were.  He did
not make his present argument at the hearing and did not appeal
his sentence to the Court of Appeals.  Instead, he filed the
instant motion under § 2255, collaterally attacking his sentence.

Title 28 U.S.C. § 2255 provides:

A prisoner in custody under sentence of a
court established by Act of Congress claiming
the right to be released upon the ground that

-2-

> the sentence was imposed in violation of the
> Constitution or laws of the United States, or
> that the court was without jurisdiction to
> impose such sentence, or that the sentence
> was in excess of the maximum authorized by
> law, or is otherwise subject to collateral
> attack, may move the court which imposed the
> sentence to vacate, set aside or correct the
> sentence.

Ordinarily, a prisoner must raise a claim on direct appeal before
he is permitted to present it in a § 2255 motion.  U.S. v.
Bousley, 523 U.S. 614, 622 (1998).  "Where a defendant has
procedurally defaulted a claim by failing to raise it on direct
review, the claim may be raised in habeas only if the defendant
can first demonstrate either 'cause' and actual 'prejudice.'"
Id. (citations omitted).  To show cause, a prisoner "must
establish that 'some external impediment' prevented him from
raising the claim[.]"  Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir.
1992), citing McCleskey v. Zant, 499 U.S. 467, 497.  Examples of
external impediments sufficient to show cause include
interference by officials, the unavailability of evidence at the
time, or ineffective assistance of counsel.  Id. at 34, n.9.
Prejudice "exists where errors at [the hearing] worked to
petitioner's actual and substantial disadvantage, infecting his
entire [hearing] with error of constitutional dimensions."  Id.
(citations and internal quotations omitted).

In the instant matter, Dempsey has provided no
explanation for his failure to raise his present argument on
direct appeal.  He was represented by counsel at the hearing and
was advised of his right to appeal.  He was also given the

-3-

opportunity to and did address the court at the hearing.  As he has not provided any other reason why he could not have raised this issue on direct appeal, he has not shown cause to excuse the procedural default.

Moreover, Dempsey cannot demonstrate any prejudice.  He does not dispute that he pleaded guilty to the crimes of robbery, criminal conspiracy, aggravated assault, and theft by unlawful taking in the Court of Common Pleas for Bucks County.  Through his attorney, he acknowledged at the violation of supervised release hearing that these were serious crimes.  This court imposed the two year consecutive sentence as a result of Dempsey's serious violations of the conditions of his supervised release.  The state crimes for which was sentenced were the sole basis of the court's decision.  The court did not consider any dismissed charges in determining his sentence.  Finally, this sentence did not exceed the statutory maximum and fell within the advisory guideline range.

The court finds that there is no need to hold an evidentiary hearing in this matter, as the record conclusively establishes that Dempsey's claim for relief is without merit.  See Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1988).  As he cannot demonstrate cause or prejudice from having failed to file an appeal, his motion will be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 99-638-3 |
| v. | : | |
| | : | CIVIL ACTION |
| ANWAR DEMPSEY | : | NO. 07-1159 |

<u>ORDER</u>

AND NOW, this 11th day of July, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of Anwar Dempsey to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is DISMISSED; and

(2)  no certificate of appealability shall issue.

BY THE COURT:


_____
      /s/ Harvey Bartle III
                                    C.J.